IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:13cr27-MHT |
| | ) | (WO) |
| GLENDA P. DERAMUS and | ) | |
| JEFFREY ALAN NURSEY | ) | |

OPINION AND ORDER

This cause is before the court on an unopposed motion to continue trial by defendant Glenda P. Deramus. At a hearing on this matter conducted by telephone on April 29, 2013, defendant Jeffrey Alan Nursey joined in Deramus's motion. The trial is currently set for May 20, 2013. Based on the representations made in Deramus's motion, by Deramus's and Nursey's attorneys at the hearing, and for the reasons set forth below, the court finds that jury selection and trial should be continued to September 9, 2013.

While the granting of a continuance is left to the sound discretion of the trial judge, United States v.

**Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:**

> **"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."**

**Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on “findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.” Id. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," id. § 3161(h)(7)(B)(I), or "would deny counsel for the defendant or the attorney for the Government the**

**reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(7)(B)(iv).**

**The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interests of the public, Deramus, and Nursey in a speedy trial. Deramus explained in her motion that discovery in this case will include thousands of pages of business records and client files, all of which must be reviewed. Moreover, Deramus's defense team has identified dozens of potential witnesses who must be interviewed. During the hearing on Deramus's motion, during which Nursey joined in Deramus's motion, Nursey's counsel explained that his defense will similarly require wading through voluminous discovery.**

*******

**Accordingly, it is ORDERED that:**

**(1) Defendant Glenda P. Deramus's motion for a continuance (doc. no. 23), joined in by defendant Jeffrey Alan Nursey, is granted; and**

**(2) The jury selection and trial for both defendants Deramus and Nursey, now set for May 20, 2013, are reset for September 9, 2013, at 10:00 a.m., in the United States Courthouse, One Church Street, Montgomery, Alabama.**

**DONE, this the 30th day of April, 2013.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**