IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v.                           )<br>)<br>GLENDA P. DERAMUS and   )<br>JEFFREY ALAN NURSEY       )| CRIMINAL ACTION NO.<br>   2:13cr27-MHT<br>     (WO) |

OPINION AND ORDER

This case is before the court on defendant Glenda P. Deramus's written motion to continue and Jeffrey Alan Nursey's oral motion to continue. The government does not oppose the requests. For the reasons set forth below after a hearing on November 15, 2013, the court finds that jury selection and trial, now set for December 9, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and defendants Deramus and Nursey in a speedy trial. The government has agreed to support pre-trial diversion for Deramus and Nursey.  The next step in the pre-trial diversion process is for the United States Probation Office to conduct an investigation, which typically takes 45 to 60 days to complete.  In light of the winter holidays, the investigation may take even longer. Given these circumstances, a continuance in this matter is appropriate.

***

Accordingly, it is ORDERED as follows:

(1) The written motion to continue filed by defendant Glenda P. Deramus (doc. no. 64) is granted.

(2) The oral motion to continue made by defendant Jeffrey Alan Nursey on November 15, 2013, is granted.

3

(3) The jury selection and trial for defendants Deramus and Nursey, now set for December 9, 2013, are reset for March 24, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of November, 2013.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**